UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GLENN HARRISON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 11-572** |
| **N. BURL CAIN** | **SECTION "S"(6)** |

## TRANSFER ORDER

Petitioner, GLENN HARRISON, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he is challenging the constitutionality of his 1993 state court conviction and sentence. To support his challenge, petitioner asserts the following grounds for relief:

1) The state courts erred in refusing to consider petitioner's motion to quash his indictment nunc pro tunc based on the illegal and unconstitutional selection of the grand jury.

A review of this Court's records reflects that petitioner filed a prior petition for writ of habeas corpus related to this same conviction and sentence entitled <u>Glenn Harrison v. Burl Cain, Warden</u>, Civil Action 99-3470 "N"(6). In that petition, petitioner raised the following grounds for relief:

1) Separation of powers/violation of the 6th and 14th Amendments to the Constitutional;

    2)        The trial court incorrectly directed the jury not to consider the "lack" of evidence where a reasonable doubt warrants an acquittal of the charged offense; and

    3)        The trial court erred in allowing the introduction into evidence of a "mug shot" from a previous offense, since the mug shot had no evidentiary value as the defendant's identity was conceded.[1]

That petition was denied with prejudice as untimely by Judgment entered April 19, 2000. Petitioner did not appeal that judgment.

The petition presently before the Court is considered to be a second or successive petition as described by 28 U.S.C. § 2244. In order to overcome the prohibition against the filing of a second or successive claim under that section, the petitioner must establish one of the following exceptions:

    1)        the claim relies on a new rule of law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable; or

    2)        (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence, and
(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the petitioner guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A),(B).

Before the petition can be considered on the merits by this District Court, the petitioner must obtain authorization to file this second or successive petition from the United States Fifth Circuit Court of Appeals by making a prima facie showing of the above listed requirements to that appellate court as required by 28 U.S.C. § 2244(b)(3)(A). Until such time as petitioner obtains said authorization, this Court is without jurisdiction to proceed. Accordingly,

---

[1] Petitioner filed his first habeas corpus petition on January 5, 1998, raising these same three claims for relief. That petition was dismissed for failure to exhaust state court remedies. C.A. No. 98-0216 "S"(6).

**IT IS ORDERED** that GLENN HARRISON's petition be construed in part as a motion for authorization for the District Court to consider the second or successive claims raised therein.

**IT IS FURTHER ORDERED** that the petition be and hereby is **TRANSFERRED** to the United States Fifth Circuit Court of Appeals under the authority of 28 U.S.C. § 1631 for that Court to determine whether petitioner is authorized under 28 U.S.C. § 2244(b) to file the instant habeas corpus petition in this District Court.

New Orleans, Louisiana, this __21st__ day of _____March_____, 2011.

                                            UNITED STATES DISTRICT JUDGE